EXHIBIT A

INDEX OF DOCUMENTS

| EXHIBIT # | DESCRIPTION | DATE |
|---|---|---|
| 1 | Plaintiff's Original Petition | 12/02/25 |
| 2 | Service Return – Lyft, Inc. | 12/10/25 |
| 3 | Defendant Lyft's Original Answer | 01/05/26 |
| 4 | Plaintiffs Notice of Service of Affidavits Concerning Cost and Necessity of Services | 01/06/26 |
| 5 | Plaintiff's Designations of Expert Witnesses | 01/06/26 |
| 6 | Court Docket Sheet | 07/02/25 |

# EXHIBIT 1

12/2/2025 4:48 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-010579
Ruben Tamez

D-1-GN-25-010579

**CAUSE NO. __________**

| | | |
|---|---|---|
| **JULIE MURPHY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **LYFT, INC. AND JOHN DOE** | § | |
| | § | 455TH, DISTRICT COURT |
| ***Defendant.*** | § | **____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Julie Murphy complains of Defendants Lyft, Inc. (hereinafter, "Defendant Lyft") and John Doe, (hereinafter "Defendant Doe") and would respectfully show the Court that:

**Discovery Control Plan**

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**Jurisdiction and Venue**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to the claim occurred in Travis County, Texas.

**Statement Regarding Monetary Relief Sought**

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

4. Plaintiff is an individual residing in Bexar County, Texas.

5. Defendant John Doe (hereinafter "Defendant John Doe") Plaintiff is unaware of the true names and capacities of defendants sued herein as John Doe and therefore sues defendant by such fictitious names. Plaintiff will amend this complaint to allege their true name and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein.

6. Defendant Lyft, Inc. (hereinafter, "Defendant Lyft"), is a Delaware corporation engaged in business in the State of Texas. Defendant's principal place of business is located in San Francisco, California. Defendant Lyft may be served by and through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## Facts

7. This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about September 26, 2025. Plaintiff was a lawful passenger in a motor vehicle operated by Defendant Doe, who was driving for Lyft, Inc. ("Lyft") at the time. When the Lyft driver dropped the Plaintiff off at the location 4400 Maybelle Av., Austin, Texas 78756, he got out of the trunk and helped the Plaintiff out of her wheelchair, but forgot to engage the brakes, causing the Plaintiff to roll and fall while trying to sit. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, Plaintiff sustained severe, permanent injuries; incurred significant medical expenses; and continues to suffer physical pain, and emotional distress.

## Cause of Action – Negligence

8. On the occasion in question, both Defendant Lyft and Defendant John Doe were guilty of negligence and/or negligence *per se* for one or more of the following reasons, each of which act and/or omission, individually or collectively, constitutes negligence and/or negligence *per se* which proximately caused the incident and Plaintiff's resulting damages:

a. Negligent supervision of their contractors;

b. Negligent supervision of their employees;

e. Failed to ensure the safe operation of the business

g. Negligent hiring and/or retention of employees;

h. Negligent training and/or supervision of their employees, invitees and subcontractors;

j. Acting in a manner below the applicable standard of care;

k. Violating applicable, local, state, and federal laws and/or;

l. Other acts so deemed negligent.

9. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

**<u>Respondeat Superior – Defendant "Lyft"</u>**

10. At the time of the incident in question, Defendant Doe was operating a commercial vehicle within the course and scope of his employment for Defendant Lyft. At all times material hereto, Defendant Doe was an employee and/or agent of Defendant Lyft and under their dispatch and/or acting within the course and scope of his employment for them. As such Defendant Lyft is vicariously liable for Defendant Doe's negligent acts and omissions under the doctrine of *respondeat superior*. Plaintiff further pleads that Defendant Lyft was negligent and/or negligent per se for one or more of the following reasons:

a. Negligently entrusting a motor vehicle to an incompetent driver;

b. Negligently hiring and/or retaining employees;

c. Negligently training and/or supervising employees;

d. Failure to maintain the vehicle in a safe condition;

e. Violation of applicable local, state, and federal laws and/or regulations, and/or;

f. Other acts so deemed negligent

b. 13. As a result of the negligent acts and/or omissions described above Plaintiff sustained damages recognizable by law.

**Damages**

11. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

12. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement; and

e. Past lost wages and future loss of earning capacity.

13. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

**Duty to Disclose**

14. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

**Jury Demand**

15. Plaintiff hereby requests a trial by jury.

**Rule 193.7 Notice**

16. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

**Prayer**

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ James Ramsey*
**James Ramsey**
Texas State Bar No. 24095859
9601 McAllister Freeway, Suite 1105
San Antonio, TX 78216
Telephone: (281) 857-6623
Facsimile: (713) 587-9086
Email:e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mariah Dimando on behalf of John Daspit
Bar No. 24048906
mdimando@daspitlaw.com
Envelope ID: 108634703
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 12/3/2025 12:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Alma Lira | | Alira@proactivelegal.com | 12/2/2025 4:48:51 PM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 12/2/2025 4:48:51 PM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 12/2/2025 4:48:51 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 12/2/2025 4:48:51 PM | SENT |
| John Daspit | 24048906 | Eservice@daspitlaw.com | 12/2/2025 4:48:51 PM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 12/2/2025 4:48:51 PM | ERROR |

# EXHIBIT 2

12/10/2025 11:18 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-010579
Norma Ybarra

CAUSE NO. D-1-GN-25-010579

| | | |
|---|---|---|
| **JULIE MURPHY** | § | **IN THE DISTRICT COURT** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **LYFT, INC. AND JOHN DOE** | § | |
| Defendant. | § | **455TH DISTRICT COURT** |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Dec 9, 2025, 11:31 am**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201** within the county of **DALLAS** at **01:37 PM** on **Tue, Dec 09 2025**, by delivering a true copy to the within named

**LYFT, INC., BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM**
**accepted by Intake Specialist, Haile Greenlee**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

[signature]

Mauricio Segovia
**Certification Number: PSC-1689**
**Certification Expiration: 8/31/2026**

**BEFORE ME,** a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON** 12/9/2025

MARIA M SEGOVIA
My Notary ID # 129480220
Expires July 5, 2029
NOTARY PUBLIC STATE OF TEXAS

[signature]

Notary Public, State of Texas

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108932608
Filing Code Description: EXECUTED SERVICE
Filing Description: EXECUTED CITATION LYFT INC
Status as of 12/10/2025 11:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Daspit | 24048906 | Eservice@daspitlaw.com | 12/10/2025 11:18:56 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 12/10/2025 11:18:56 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 12/10/2025 11:18:56 AM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 12/10/2025 11:18:56 AM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 12/10/2025 11:18:56 AM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 12/10/2025 11:18:56 AM | ERROR |

Copy from re:SearchTX

# EXHIBIT 3

1/5/2026 7:43 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-010579
Susan Schmidt

CAUSE NO. D-1-GN-25-010579

| | | |
|---|---|---|
| JULIE MURPHY,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | 455TH JUDICIAL DISTRICT |
| | § | |
| LYFT, INC. AND JOHN DOE,<br>*Defendants.* | § | |
| | § | TRAVIS COUNTY, TEXAS |

---

**DEFENDANT LYFT, INC.'S ORIGINAL ANSWER**

---

Defendant Lyft, Inc. ("Lyft") files its Original Answer.

**GENERAL DENIAL**

1. Lyft generally denies all the material allegations contained in Plaintiff's active petition ("Plaintiff's Petition") including any supplements or amendments thereto, and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

**OTHER DEFENSES AND ASSERTIONS**

2. Lyft specifically denies it hired, controlled, or employed Defendant John Doe.

3. Lyft did not own, control, maintain, manage, repair, or entrust the vehicle involved in the incident in issue. *See* TEX. INS. CODE §§ 1954.001, 1954.102.

4. Lyft may not be held vicariously liable unless Plaintiff proves by clear and convincing evidence that Lyft was grossly negligent with respect to the subject claim, that John Doe was a transportation network company driver logged into Lyft's digital network at the time of the accident, and that Lyft failed to fulfill its statutory obligations

with respect to John Doe under Chapter 2402 of the Texas Occupations Code, relating to the subject claim. TEX. CIV. PRAC. & REM. CODE § 150E.003(a)(1)-(2).

5. Lyft also specifically denies Plaintiff's direct negligence claims because John Doe was not an employee of Lyft at the time of the subject accident.

6. Lyft affirmatively pleads Chapter 33 of the Texas Civil Practice & Remedies Code. If Lyft is found to be liable in this case, although Lyft specifically denies any such liability, then Lyft requests that the trier of fact determine the percentage of responsibility, to the extent, each defendant, each settling person, or each responsible third party is found responsible and/or liable for the injuries or occurrence asserted by Plaintiff in this suit, pursuant to Section 33.003 of the Texas Civil Practice & Remedies Code.

7. Though Lyft denies liability, should the trier of fact determine that Lyft is a liable defendant, then Lyft would be liable only for the percentage of damages found by the trier of fact equal to Lyft's percentage of responsibility with respect to the damages allowed, pursuant to Section 33.013 of the Texas Civil Practice & Remedies Code. Lyft also reserves the right to receive a reduction in the sum of all damages by the sum of all the dollar amounts of all settlements, pursuant to Section 33.012(b) of the Texas Civil Practices and Remedies Code or any other applicable statute or common law.

8. No act or omission of Lyft was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Plaintiff's Petition, if any. Additionally, no act and/or omission of Lyft contributed, in any manner, to the incident or injury alleged in the Plaintiff's Petition, if any. Finally, any alleged acts and/or omissions on the part of Lyft were superseded by the acts and/or omissions of other persons or entities,

which acts and omissions were the independent, superseding and intervening cause of the incident and injury described in the Plaintiff's Petition.

9. Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of the claimant. Plaintiff should not be allowed to submit any medical bills in excess of the "actually paid or incurred" amounts.

10. Pleading further and in the alternative, Lyft invokes the provisions of Texas Civil Practice & Remedies Code § 18.091 that requires proof of loss of earnings, loss of earning capacity, loss of contribution of pecuniary value and other losses be presented in the form of a net loss after reduction for federal income tax liability.

11. Lyft further asserts that the calculation of post-judgment interest is governed by Section 304.003(c) of the Texas Finance Code.

12. Further, Lyft asserts that pre-judgment interest is disallowed on future damages, pursuant to Section 304.1045 of the Texas Finance Code.

13. Lyft presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown, affirmative defenses. Accordingly, Lyft reserves the right herein to assert additional affirmative defenses in the event discovery indicates same would be appropriate.

## REQUEST FOR RELIEF

While specifically preserving its right to arbitration, Lyft requests that judgment be entered in its favor denying Plaintiff any relief, and awarding Lyft such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Bryan D. Pollard
State Bar No. 00795592
bryan.pollard@pierferd.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192
Bradley B. Bush
State Bar No. 24057787
bradley.bush@pierferd.com
Telephone: (512) 766-6226
PIERSON FERDINAND LLP
5995 Summerside Drive, Unit #794257
Dallas, Texas 75379

**ATTORNEYS FOR DEFENDANT LYFT, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 5, 2026, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure.

Bryan D. Pollard

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109632389
Filing Code Description: Answer/Response
Filing Description: DEFENDANT LYFT, INC.'S ORIGINAL ANSWER
Status as of 1/5/2026 10:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Daspit | 24048906 | Eservice@daspitlaw.com | 1/5/2026 7:43:44 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 1/5/2026 7:43:44 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 1/5/2026 7:43:44 AM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 1/5/2026 7:43:44 AM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 1/5/2026 7:43:44 AM | SENT |
| Bryan Pollard | | bryan.pollard@pierferd.com | 1/5/2026 7:43:44 AM | SENT |
| Bradley Bush | | bradley.bush@pierferd.com | 1/5/2026 7:43:44 AM | SENT |
| Deidra Cobb | | deidra.cobb@pierferd.com | 1/5/2026 7:43:44 AM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 1/5/2026 7:43:44 AM | ERROR |

# EXHIBIT 4

1/6/2026 4:51 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-010579
Nancy Ramirez

**CAUSE NO. D-1-GN-25-010579**

| | | |
|---|---|---|
| **JULIE MURPHY** | § | **IN THE DISTRICT COURT** |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **LYFT, INC. AND JOHN DOE** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | **455TH JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S NOTICE OF SERVICE OF AFFIDAVITS CONCERNING COST AND NECESSITY OF SERVICES

You are hereby notified that Plaintiff has served in the above-entitled and numbered cause the following business record affidavits:

1. Affidavit of Ellie Tammami, Custodian of Records for Mueller Austin Emergency Center dated November 10, 2025 (Billing);

2. Affidavit of Ellie Tammami, Custodian of Records for Mueller Austin Emergency Center dated November 10, 2025 (Medical);

These records will be offered in evidence at the trial of the captioned cause and may be used to prove the reasonableness and necessity of the charges and services disclosed therein pursuant to CPRC §18.001 *et seq*.

Pursuant to Rule 902(10)(a) of the Texas Rules of Evidence, these records will be made available by counsel for Plaintiff for inspection and copying at the expense of the person desiring the copies. In addition, Pursuant to Rule 902(10)(a) of the Texas Rules of Evidence these affidavits may be filed with the clerk of the court and presented as evidence at the trial of the captioned cause.

*[signature block on next page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ James Ramsey*
**James Ramsey**
Texas State Bar No. 24095859
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiff's Designation of Lead Counsel was served on all counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on Tuesday, January 6, 2026.

***Via Email: Bryan.pollard@pierferd.com***
***And Bradley.bush@pierferd.com***

Bryan D. Pollard
Bradley B. Bush
**PIERSON FERDINAND LLP**
5995 Summerside Drive, Unit #794257
Dallas, Texas 75379
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

**ATTORNEY FOR DEFENDANT,**
**LYFT, INC.**

*/s/ James E. Ramsey*
**James E. Ramsey**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mariah Dimando on behalf of John Daspit
Bar No. 24048906
mdimando@daspitlaw.com
Envelope ID: 109727463
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS NOTICE OF SERVICE OF AFFIDAVITS CONCERNING COST AND NECESSITY OF SERVICES
Status as of 1/6/2026 4:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Daspit | 24048906 | Eservice@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 1/6/2026 4:51:38 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 1/6/2026 4:51:38 PM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| Deidra Cobb | | deidra.cobb@pierferd.com | 1/6/2026 4:51:38 PM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 1/6/2026 4:51:38 PM | ERROR |

Associated Case Party: LYFT, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Pollard | | bryan.pollard@pierferd.com | 1/6/2026 4:51:38 PM | SENT |
| Bradley Bush | | bradley.bush@pierferd.com | 1/6/2026 4:51:38 PM | SENT |

# EXHIBIT 5

1/6/2026 4:51 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-010579
Nancy Ramirez

**CAUSE NO. D-1-GN-25-010579**

| | | |
|---|---|---|
| **JULIE MURPHY** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| **LYFT, INC. AND JOHN DOE** | § | |
| *Defendant.* | § | **455TH JUDICIAL DISTRICT** |

## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

Plaintiff Julie Murphy serves this Designation of Expert Witnesses in accordance with the Court's scheduling order and the Texas Rules of Civil Procedure as notice that they intend to call the following witnesses at the time of trial to provide expert testimony in this case:

I.

Plaintiff hereby designates all other adverse parties, potentially adverse parties, and/or witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to the suit at the time of trial. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call any designated expert, Plaintiff reserves the right to designate and/or call any such party or any such experts previously designated by any party.

II.

The individual(s) identified below provided health care to Plaintiff and may be called as fact and expert witnesses to express opinions regarding their examination, diagnosis, care, and treatment of Plaintiff, his medical and physical condition, prognosis, damages and proximate causation of any injuries to Plaintiff within their areas of expertise. They may also express any opinions contained in their medical records and depositions, if any. The testimony of these physicians, nurses, and other

health care providers may include, but will not be limited to, the following subject matters: Plaintiff's condition and prognosis prior to the conduct in question; proximate causation issues regarding Plaintiff's injuries that is the subject of this case; Plaintiff's physical limitations, the significance of any of their findings, diagnoses, studies/tests and any matter contained in Plaintiff's medical records and/or depositions. A description of the substance of the testimony concerning such witnesses is largely accessible to Defendants through Plaintiff's medical records and any witness depositions that may be taken. To the extent any of these health care providers provide reports at the request of Plaintiff, they will be provided, but there are none at this time other than those contained in their records and/or depositions. Additional elaboration on the opinions held by and the facts known to such witnesses may be obtained through their depositions and Plaintiff reserves the right to elicit, at the time of trial, any such information from any of the depositions that are taken of such persons.

Any individuals (whose names may be unknown to Plaintiff at this time) who are custodians for specific records and information requested in discovery may be called upon to testify as to the authenticity of said records and that they meet the business records exception to the hearsay rule for purposes of admissibility at trial.

The following non-retained physicians and medical facilities have knowledge of Plaintiff's injuries and medical treatment and may be called upon to give expert testimony. They have provided care and treatment to Plaintiff. As such, they possess expertise and knowledge in their respective area. Specifically, they may testify about care, treatment, diagnosis, prognosis, causation, physical and work restrictions, reasonable costs for medical care in the past and future, and the need, if any, for future treatment. Their mental impressions and opinions may be found in Plaintiff's medical and billing records and their deposition testimony, if any. The custodians of records for these medical providers will provide testimony necessary to prove up the medical and billing records.

**Non-Retained Providers:**

**Mueller Austin Emergency Center**
**John Havlick, M.D.**
**All Medical Providers**
**And/or Custodian of Records**
**1801 East 51st Street, Building H.**
**Austin, Texas 78723**
**T: (512) 322-5104**
***Plaintiff's healthcare provider***

This provider is a full-care, general, adult hospital that includes emergency and surgical departments. This medical provider and its physicians and associated medical providers provided Plaintiff with care as result of injuries sustained in the accident. Individuals from this facility will testify regarding Plaintiff's medical examination, review of imaging studies, medical diagnoses, treatments provided, causation of Plaintiff's injuries, the usual and customary cost of the treatment provided, Plaintiff's prognosis, and physical and work restrictions. They will offer opinions regarding the past, present, and future care needed to treat Plaintiff. Their opinions are based on examination of the Plaintiff, education, experience, training, and the literature in their field. This provider, its physicians and associated medical providers as well as the Custodian of Records are a non-retained expert witnesses and further elaboration of expert opinions may be obtained by deposition or by review of medical and billing records, which will be produced. They reserve the right to respond to testimony from fact and/or expert witnesses and to address any area of inquiry raised in deposition or at trial.

The Custodian of Records will authenticate the records and/or testify regarding the reasonableness and necessity of the medical charges.

III.

Plaintiff reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against Defendant.

IV.

Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert who cannot be called by opposing counsel.

V.

Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be truthful, of benefit to the jury to determine material issues of fact, and not be violative of any existing Court Order or the Texas Rules of Procedure.

VI.

Plaintiff reserves whatever additional rights she may have with regard to experts, pursuant to the Texas Rules of Civil Procedure, the Texas Rules of Evidence, the case law construing same, and the rulings of the trial court.

VII.

Plaintiff reserves the right to supplement this designation with additional designations of expert witnesses within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

Respectfully Submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ James E. Ramsey*
James E. Ramsey
Texas State Bar No. 24095859
9601 McAllister Freeway, Ste. 310
San Antonio, Texas 78216
Telephone: (210) 526-0533
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing instrument was served on all counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, this Tuesday, January 6, 2026

***Via Email:* *Bryan.pollard@pierferd.com***
***And Bradley.bush@pierferd.com***
Bryan D. Pollard
Bradley B. Bush
**PIERSON FERDINAND LLP**
5995 Summerside Drive, Unit #794257
Dallas, Texas 75379
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

**ATTORNEY FOR DEFENDANT,**
**LYFT, INC.**

*/s/ James E. Ramsey*__
James E. Ramsey

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mariah Dimando on behalf of John Daspit
Bar No. 24048906
mdimando@daspitlaw.com
Envelope ID: 109727463
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS NOTICE OF SERVICE OF AFFIDAVITS CONCERNING COST AND NECESSITY OF SERVICES
Status as of 1/6/2026 4:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Daspit | 24048906 | Eservice@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 1/6/2026 4:51:38 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 1/6/2026 4:51:38 PM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 1/6/2026 4:51:38 PM | SENT |
| Deidra Cobb | | deidra.cobb@pierferd.com | 1/6/2026 4:51:38 PM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 1/6/2026 4:51:38 PM | ERROR |

Associated Case Party: LYFT, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Pollard | | bryan.pollard@pierferd.com | 1/6/2026 4:51:38 PM | SENT |
| Bradley Bush | | bradley.bush@pierferd.com | 1/6/2026 4:51:38 PM | SENT |

# EXHIBIT 6

**455th District Court**

# Case Summary

**Case No. D-1-GN-25-010579**

| | | | |
|---|---|---|---|
| **JULIE MURPHY VS. JOHN DOE,LYFT, INC.** | § | Location: | **455th District Court** |
| | § | Judicial Officer: | **455TH, DISTRICT COURT** |
| | § | Filed on: | **12/02/2025** |

## Case Information

Case Type: Motor Vehicle Accident

Case Status: **12/02/2025 Open**

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | D-1-GN-25-010579 |
| Court | 455th District Court |
| Date Assigned | 12/02/2025 |
| Judicial Officer | 455TH, DISTRICT COURT |

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **MURPHY, JULIE** | **RAMSEY, JAMES EDWIN**<br>***Retained*** |
| **Defendant** | **Doe, John** | |
| | **JOHN DOE** | |
| | **Lyft, Inc.** | |
| | **LYFT, INC.** | **POLLARD, BRYAN**<br>***Retained*** |

## Case Events

12/02/2025 ORIGINAL PETITION/APPLICATION (OCA)
*PLAINTIFF'S ORIGINAL PETITION*
Party: Plaintiff MURPHY, JULIE

12/02/2025 OTHER/NOTICE
*SERVICE REQUEST*

12/10/2025 EXECUTED SERVICE
*EXECUTED CITATION LYFT INC*

01/05/2026 ORIGINAL ANSWER/WAIVER
*DEFENDANT LYFT, INC.'S ORIGINAL ANSWER*
Party: Defendant LYFT, INC.

01/06/2026
OTHER/NOTICE
*PLAINTIFFS NOTICE OF SERVICE OF AFFIDAVITS CONCERNING COST AND NECESSITY OF SERVICES*

01/06/2026 OTHER/NOTICE
*PLAINTIFFS DESIGNATION OF EXPERT WITNESSES*

## Service Events

12/04/2025 **Citation**
LYFT, INC.
Served: 12/09/2025